IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:09-CR-491-SCJ-CCH |
| SONYA MARTIN : | |
| : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to file an objection to the Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 59(b)(2).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act. At the end of such fourteen-day period, if there are no objections, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge. If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation to the District Judge, whether or not any objection has been filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. *Henderson v. United States*, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion"); *United States v. Mers*, 701 F. 2d 1321, 1337 (11th Cir. 1983)

("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

IT IS SO ORDERED this 27th day of September, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.                  : | CRIMINAL ACTION NO. |
| : | 1:09-CR-491-SCJ-CCH |
| SONYA MARTIN           : | |
| : | |

**REPORT AND RECOMMENDATION**

Defendant is charged in the indictment with conspiring with others to commit wire fraud by obtaining unauthorized access to the computer network of a credit and debit card processor (RBS WorldPay), using that access to raise the limit on funds that could be withdrawn from automated teller machines with certain prepaid payroll credit or debit cards for which they had fraudulently obtained the card and personal identification numbers, and then, with that information and a network of coconspirators tasked to withdraw funds from automated teller machines in at least 280 cities around the world, fraudulently withdrawing in excess of $9,000,000.00 from RBS WorldPay in approximately 12 hours.

While Defendant Martin is charged as a member of the conspiracy, she is not alleged to be one of the conspirators who created the scheme. Instead, her

participation is alleged to have consisted of using the fraudulently obtained account and personal identification numbers to withdraw funds from automated teller machines in and around Chicago, Illinois, and of providing others with that fraudulently obtained information so that they could unlawfully withdraw funds from automated teller machines in or around Chicago, Illinois.

This action is now before the Court on Defendant's Motion to Sever Defendants [145] (the "Motion"). In the Motion, Defendant argues that she should not be tried with the other defendants charged in the conspiracy because her role was minor and the evidence against her coconspirators will "spillover" and prejudice her case. For the reasons stated below, it is **RECOMMENDED** that the Motion [145] be **DENIED**.

<u>Rule 8(b) Federal Rules of Criminal Procedure</u>

Defendant moves for a severance pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") (see the Motion at page 1), but fails to make any argument under that rule. Under Rule 8(b), multiple defendants may be named in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or

offenses." Defendant provides no reason why she thinks Rule 8(b) would support her argument for severance. To the contrary it supports the Government's decision to indict Defendant together with the coconspirators she is alleged to have participated with in the alleged acts, or series of acts, constituting the offenses charged. Thus, the Motion, to the extent it seeks to rest on Rule 8(b) of the Fed. R. Crim. P., should be **DENIED**.

Rule 14 Federal Rules of Criminal Procedure

While Defendant does not support her assertion that her joinder with her co-defendants is impermissible under Rule 8, she does argue that the joinder is highly prejudicial to her. This is not an argument that the joinder is improper under Rule 8, but an appeal to the Court's discretion to provide relief from prejudicial joinder under Rule 14(a) of the Fed. R. Crim. P. That rule provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

While Rule 14(a), by its terms, provides for severance to relieve "prejudicial joinder," such relief is available only when a defendant can show "specific and compelling prejudice." United States v. Zielie, 734 F.2d 1447, 1464 (11th Cir. 1984), *abrogated on other grounds as noted in* United States v. Chestang, 849 F.2d 528, 531 (11th Cir. 1988). Moreover, in applying the rule this Court must be mindful of the admonition of the Supreme Court that:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." For these reasons, we repeatedly have approved of joint trials.

Zafiro v. United States, 506 U.S. 534, 537 (1993) (citations omitted).

In addition, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 539. Further, the Eleventh Circuit has consistently found that limiting instructions to the jury are a permissible, less drastic and preferred remedy to severance. See, e.g., United States v. Francis, 131 F.3d 1452, 1459 (11th Cir. 1997). Finally, in that case the Eleventh Circuit stated:

4

> To establish that the district court abused its discretion in refusing to sever, the defendant must demonstrate that the joint trial resulted in specific and compelling prejudice . . . . This is a heavy burden, and one which mere conclusory allegations cannot carry.

Francis, 131 F.3d at 1459.

Defendant argues for Rule 14(a) relief on the ground that, if tried with her co-defendants, the jury will impute the large amount of evidence against her coconspirators as being evidence against her and she will suffer "spillover" prejudice. This argument, however, consists only of "mere conclusory allegations" that movant will be tainted by evidence of the conduct of her co-defendants. That is not sufficient to mandate a severance.

The Eleventh Circuit has "consistently held that persons who are charged together as co-conspirators should be tried together," that a conspiracy case need only be severed if there is "specific and compelling prejudice", and that "compelling prejudice does not exist merely because much of the evidence at trial applies only to a co-defendant." Francis at 1459. In such cases, limiting instructions to the jury minimize the risk of prejudice and are a permissible, less drastic and preferred remedy to severance. Id. Because Defendant has only made conclusory allegations of

5

spillover prejudice and has made neither a showing of specific and compelling prejudice nor an argument that the trial court could not fashion proper limiting instructions to minimize prejudice, it is **RECOMMENDED** that Defendant's Motion, whether made under Rule 8(b) or 14(a) of the Federal Rules of Criminal Procedure, be **DENIED.**

## RECOMMENDATION

For all the above reasons, the undersigned **RECOMMENDS** that Defendant's Motion [145] be **DENIED.**

**IT IS SO RECOMMENDED** this 27th day of September, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE